UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY JOEL JUDY,  )
an individual,  )
 )  CASE NO.: 2:26-cv-714
    Plaintiff,  )
vs.  )
 )
RYBA, LLC,  )
a Florida Limited Liability Company,  )
 )
    Defendant.  )
_____)

**COMPLAINT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff, JEFFREY JOEL JUDY, by and through his undersigned counsel, hereby files this Complaint and sues RYBA, LLC, a Florida Limited Liability Company, for injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, ("ADA") and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and the Local Rules of the United States District Court for the Middle District of Florida.

3.      Plaintiff, JEFFREY JOEL JUDY, (hereinafter referred to as "Mr. Judy") is a resident of the State of Florida in Lee County.

4.      Plaintiff was injured in a motorcycle accident and is paralyzed from the waist down.  Additionally, Plaintiff is a double leg amputee.  Due to his injuries, Mr. Judy is a T8-T9 paraplegic and uses a wheelchair as his primary means of mobility.

5.      Due to his disability, Plaintiff is substantially impaired in several major life activities including walking, standing and bending and requires a wheelchair for mobility.

6.      Defendant, RYBA, LLC, (hereinafter referred to as "Defendant"), is a Florida Limited Liability Company.  As such, Defendant is the owner/operator of the real property and improvements which are the subject of this action, to wit: Weaver Plaza, generally located at 1830-1890 N. Tamiami Trl, North Fort Myers, FL 33903 (the "Property").  Defendant is responsible for complying with the obligations of the ADA.

7.      All events giving rise to this lawsuit occurred in the Middle District of Florida, in Lee County, Florida.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8.      Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9.     The Property, a large shopping plaza with numerous retail stores and restaurants, is consequently a place of public accommodation subject to the ADA.

10.    Plaintiff has visited the Property discussed herein numerous times over the last year and plans to visit again in the near future because he enjoys the shops and restaurants located there and its convenient location. The Property is located approximately one (1) mile from Plaintiff's residence which takes approximately five (5) minutes to reach by car.  Plaintiff most recently visited the Property in early March, 2026.

11.    During his visits, Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint.

12.    Due to the barriers, Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to goods and services offered at the Property, owned, leased, and/or operated by Defendant.

13.    Plaintiff desires to visit the Property for its convenient location and because be enjoys the shops and restaurants there, but fears that he will be subjected to the same architectural barriers which remain at the Property in violation of the ADA.

14.     Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.304 *et seq*. and is discriminating against Plaintiff due to, but not limited to, the following barriers to access which Plaintiff personally encountered and which reduced his access:

A.     Plaintiff personally encountered numerous inaccessible parking spaces designated for disabled use throughout the Property due to pavement in a state of disrepair and built-up ramps which protrude into many of the access aisles serving the ADA parking spaces. The protruding ramps cause slopes in excess of 1:48 within the ADA spaces and/or their access aisles. These conditions were a dangerous falling hazard for the Plaintiff as he attempted to park and load into and out of his vehicle on the sloped and damaged ground surfaces.

B.     Plaintiff personally encountered numerous inaccessible parking spaces designated for disabled use throughout the Property due to missing and low signage, mounted under 60 inches, where they could be obstructed by parked vehicles. Due to these issues, Plaintiff had a more difficult time locating some of the intended ADA parking throughout the Property and some able-bodied persons are not deterred from parking in the unmarked spaces.

  C. Plaintiff personally encountered that many of the curb ramps throughout the Property leading from the intended ADA parking spaces to the Property sidewalk (many of the same ramps as noted above) contained excessive slopes, steep side flares, were too narrow for safe use and were in a state of disrepair. These conditions were a dangerous falling hazard for the Plaintiff as he attempted to maneuver onto the sidewalk via these ramps.

  D. Plaintiff personally encountered that the restroom in Jax Diner at the Property is inaccessible due to low sink height which Plaintiff was unable to pull into and lack of pipe insulation under the sink. These issues made it very difficult for Plaintiff to safely and conveniently use the restroom sink.

15. To date, the barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Independent of his intent to return as a patron because he enjoys the shops and restaurants there and its convenient location, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17.     Removal of the barriers to access located on the Property is readily achievable, structurally feasible, and easily accomplishable without placing an undue burden on Defendant.

18.     Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19.     Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

    A.    That this Court declares that the Property owned, leased, and/or operated by Defendant is in violation of the ADA;

    B.    That this Court enter an Order directing Defendant to alter its Property to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That this Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards

persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Plaintiff; and

E. That this Court awards such other and further relief as it deems necessary, just and proper.

Date: March 13, 2026.

Respectfully Submitted,

KU & MUSSMAN, P.A.
18501 Pines Blvd, Suite 362
Pembroke Pines, Florida 33029
Tel: (305) 891-1322
Fax: (954) 686-3976
Louis@kumussman.com

By: */s/ Louis I. Mussman*
Louis I. Mussman, Esq. (Lead Counsel)
(FL Bar # 597155)
Brian T. Ku, Esq.
(FL Bar #: 610461)